VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.

---

JOSEPHINE ANTOINETTE CAMBRELENG, Respondent, *v.* ELLA WARD GRAHAM and GRACE GRAHAM CAMBRELENG, Appellants, Impleaded with Others.

*Voluntary payment of a mortgage by one tenant in common — his grantee cannot demand contribution from the co-tenants.*

The owner of a life estate in the whole, and a fee in an undivided half, of certain real estate upon which there was a mortgage, voluntarily, without any misunderstanding or mistake of fact and with actual knowledge of the legal effect of his act, paid the mortgage upon said premises and obtained from the mortgagor a satisfaction thereof.

*Held*, that the grantee of such person was not entitled to demand from the other owners of such real property payment by them of their proportion of the amount paid by her grantor to obtain a satisfaction of said mortgage.

APPEAL by the defendant Ella Ward Graham from so much of an interlocutory judgment in partition of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of May, 1894, upon the report of a referee, as finds that the plaintiff is entitled to one undivided fourth part of the premises described in the complaint, in fee, subject to the right of curtesy initiate of her husband, the defendant Nicholas Cambreleng, without also finding that the defendant Ella Ward Graham is entitled to be subrogated to the right of Robert McC. Graham to contribution from the share therein of said plaintiff, and before any part of such proceeds is distributed to her, of the one-fourth part of the sum of $12,500, paid by the said Robert McC. Graham for the assignment to him of a mortgage for $12,500, with interest on the said last-mentioned sum from the date

of the death of the said Robert McC. Graham, and that said amount should be paid to the said Ella Ward Graham; and also from so much of the said judgment as finds that the defendant Douglas Graham is . entitled to one undivided fourth part thereof, without also finding that the said Ella Ward Graham is in like manner entitled to be subrogated as aforesaid, and to receive out of the share of the said Douglas Graham another one undivided fourth part of said sum last above mentioned, and from such part thereof as finds that the defendant Ella Ward Graham is entitled to one-half part of the premises in fee without also finding that she is entitled to be subrogated to the said right of said Robert McC. Graham, to contribution from the shares therein of the plaintiff and the defendant Douglas Graham, and before any part of such proceeds is distributed to them, each to the extent of one-fourth part of the sum of $12,500, paid as aforesaid by the said Robert McC. Graham, for the assignment to him of the mortgage for $12,500, with interest on said last-mentioned sum from the date of the death of the said Robert McC. Graham, which sums so contributed are to be paid to the said Ella Ward Graham.

Also an appeal by the defendant Grace Graham Cambreleng from so much of an interlocutory judgment in partition of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of May, 1894, upon the report of a referee, as orders, adjudges and decrees that the defendant Ella Ward Graham is entitled to one undivided half part in fee of the premises in question.

*F. R. Coudert, Jr.,* for the appellant Ella Ward Graham.

*E. Luther Hamilton,* for the appellant Grace Graham Cambreleng.

*Henry L. Sprague,* for the respondent, Josephine Antoinette Cambreleng.

PER CURIAM :

Cornelia Flora Graham died August 17, 1885, seized of the premises in question, which were subject to a mortgage of $12,500, whereupon Robert McC. Graham, her husband, acquired an estate of tenancy by the curtesy therein, and in addition, under the will of Cornelia Flora Graham, he became seized of an undivided one-

fourth of said premises, and her children, Josephine, Grace and Douglas, each became seized of an undivided one-fourth thereof.

April 17, 1887, Grace Graham, for a nominal consideration, conveyed her interest to her father, Robert McC. Graham, and a few months later, but before attaining their majority, Josephine and Douglas united in a conveyance of all their right, title and interest in such premises to their father. Before the execution of such conveyance, and on the 3d of August, 1887, Robert McC. Graham intermarried with Ella Ward. July 9, 1888, Robert McC. Graham, for a nominal consideration, conveyed to his wife, Ella Ward Graham, all his right, title and interest in and to such premises.

On the same day, having previously taken an assignment, he executed, and caused to be duly recorded, a satisfaction piece, of the mortgage of $12,500, which was an incumbrance upon the property at the time of the death of his first wife. Subsequently, and in December, 1890, Robert McC. Graham died intestate. When Josephine reached her majority, for the purpose of making void and disavowing the deed executed by her jointly with her brother, Douglas, she conveyed her right, title and interest in the premises to Henry L. Sprague, in which it was recited that such was the object of its execution and delivery. Thereafter Sprague conveyed such undivided interest to her. Later on Douglas Graham, becoming of age, also took the necessary steps to disavow the deed made by him during his minority. Josephine thereupon commenced this suit in partition, which has resulted in a judgment that the property be sold, and adjudging the interests of the several parties therein to be as follows:

" The plaintiff is entitled to one undivided fourth part thereof in fee, subject to the right of curtesy initiate of her husband, the defendant Nicholas Cambreleng.

" The defendant Ella Ward Graham is entitled to one undivided half part thereof in fee.

" The defendant Douglas Graham is entitled to one undivided fourth part thereof in fee."

With so much of the decision as determines that the plaintiff Josephine and the defendant Douglas had a right to disaffirm the deed which they executed as minors, the appellant Ella Ward Graham makes no complaint, but she insists that her husband never

intended that Josephine and Douglas, his children and co-tenants, should have the benefit of any portion of the $12,500 mortgage, which he paid off, and she urges that she is entitled to be subrogated to all his rights in such respect.

The referee reached the conclusion that a case was not made out for the equitable relief asked for by the defendant Ella Ward Graham, because the satisfaction of the mortgage by Robert McC. Graham was a voluntary act, made without any misunderstanding or mistake of fact, and with actual knowledge of the legal effect of such act. As we have reached the conclusion that his position in such respect was well grounded, it will be unnecessary to discuss the equitable principles invoked by the appellant. The facts which induce our concurrence in the position taken by the referee may be briefly stated as follows: At the death of Cornelia Flora Graham the $12,500 mortgage was held by Louisa A. Steinway, and in May following the full amount due on the mortgage was satisfied of record. This was claimed to have been done under a mistake, and thus Mr. Graham was led to consult his counsel, who advised him of the rights which the after-born children of his first wife had in the premises, and the effect which might follow a satisfaction of the mortgage. He was further informed, while he would have the right of subrogation against the children, the better course would be to take an assignment of the mortgage. The advice of his counsel was followed, an assignment of the mortgage obtained and a memorandum made upon the margin of record of the mortgage referring to the assignment.

From that time until the mortgage was satisfied of record by him, more than two years later, it was held open and retained in his possession. It cannot even be said that owing to the lapse of time he had forgotten the advice of his counsel which led him to correct the original mistake for the purpose of protecting himself as against his children, for his attention was sharply called to it by the letters of his counsel, written shortly before the mortgage was satisfied, which letters were written in the course of preparation and execution of the deed by which the property was conveyed to his wife.

In the first letter his counsel, among other things, say: " We had advised in other cases, and think it quite as well in your case, to

take a quit-claim from the two minor children also, as they are of sufficient years to fully understand what they are signing, and would consider themselves when of full age morally bound to ratify and confirm."

The second letter reads as follows:

" We enclose proposed deed to Mrs. Graham, which you can execute. It says subject to existing encumbrances. . The mortgage that you hold is outstanding, as you remember, and may or may not merge, according to your intentions. The proposed will of Mrs. Graham is prepared and ready for you to examine. You are doubtless aware that marriage and birth of a child will revoke your own will, if made before marriage.

" Respectfully,<br>" COUDERT BROTHERS.

" (Enclosure.) "

And on the margin : " You can execute deed and satisfy mortgage afterwards if you wish."

The further fact is established that he well knew that his minor children would have the right to disavow the deed executed by them when they should reach majority.

In the first place he was so advised in the first letter, from which we have quoted, in which it was suggested that a deed be taken from the minors, because they would consider themselves morally bound to ratify and confirm it when they should become of age. His knowledge of the rights of the minors is further evidenced by the testimony of his wife and grantee, Ella Ward Graham, who testified that " He said as they were minors there would be a question to be decided by law as to their signature, if they wanted to disavow it later, if anything happened to him." In the light of these facts, and without a suggestion in the record that he was deceived or mistaken, there is no basis for a different conclusion than that reached by the referee.

The appeal of Grace Graham Cambreleng complains of so much of the judgment as adjudges that the defendant Ella Ward Graham owns one-half of the premises, her claim being that she should have been adjudged to be the owner of an undivided one-fourth interest therein. That she was of full age when she executed the deed which she sought to have set aside in this suit is conceded.

The ground upon which she sought to attack the validity of the deed was that it was procured from her by her father by means of misrepresentations and undue influence.

The referee decided that her contention was not supported by the evidence, and in that view we concur.

The judgment should be affirmed, with costs, payable out of the proceeds of the sale of the property.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs to special guardians payable out of proceeds of sale of the property.